## Martin-Marietta Corporation v. Reimenschneider

*Ralph W. Kent,* for petitioner.

*D. T. Marrone,* for respondent.

KURTZ, J., June 29, 1966.—This case demonstrates the complications which the pursuit of separate courses in search of the same result can produce. The background underlying the present application can only be completely understood if the history of each of the courses which plaintiff has pursued is set forth.

Plaintiff applied to the Zoning Administrative Officer of East Whiteland Township for a permit to conduct quarrying operations on land which it owned in that township, the permit sought being authorized by the provisions of the township zoning ordinance. That officer refused to issue the permit.

Plaintiff then appealed the refusal of that officer to the zoning board of adjustment of the township. That board conducted extensive hearings, in which the township itself appeared through counsel in opposition to the application, after which it overruled the refusal of the zoning officer and directed that the permit issue. The decision of the zoning board of adjustment was then appealed to this court, not by the township, but by other property owners in the township who asserted in their petition for appeal that they were parties aggrieved by the action of the board. The writ of certiorari bringing the record of the board of adjustment

before this court for review then issued, and the record has now been filed with us, having been captioned: The First Pennsylvania Banking and Trust Company, Trustee, et al. v. Zoning Board of Adjustment, East Whiteland Township, March term, 1966, no. 70. Thereafter, this plaintiff sought to intervene as a party appellee in that proceeding, and that intervention was allowed upon a stipulation filed, signed by counsel for appellants and counsel for plaintiff as appellee. The township has not appealed the decision of the board of adjustment, and the time for taking an appeal has long since expired. Thus, it would appear that the township is satisfied with the decision of the board of adjustment. Parenthetically, we would also observe that the township should not now be permitted to intervene in that matter if it sought to do so, for to permit intervention would be to permit an appeal after the time for appeal had expired. The foregoing information being a matter of record in our court is such that we can take judicial notice of it.

While the appeal from the decision of the zoning officer was pending before the board of adjustment, plaintiff initiated this action in our court, seeking a writ of mandamus which would compel the zoning officer to issue the permit, the allegation being made that all of the conditions for the issuance of a permit laid down by the terms of the ordinance had been met. Preliminary objections to the first complaint filed were sustained by us after argument, whereupon plaintiff, having been allowed to plead again, filed an amended complaint, to which preliminary objections were filed. These latter objections were dismissed after argument, and defendant was allowed to file its answer to the amended complaint within 20 days. When defendant failed to file that answer within the period allowed, we entered a default judgment against him upon plaintiff's application. Defendant now seeks to have that

judgment opened so that he may file his answer and resist the issuance of the permit. In his application to open, he asserts that although the answer was prepared by counsel and executed by him in sufficient time for it to have been filed within the period of 20 days after his preliminary objections to the amended complaint had been dismissed, the filing was not accomplished within that time because of an oversight on the part of his counsel. The parties who appealed the decision of the board of adjustment to this court, The First Pennsylvania Banking and Trust Company and others, have not sought to intervene in this action.

The situation thus created is one in which we could deprive appellants in the appeal from the decision of the zoning board of adjustment of their day in court if we were to refuse to open the judgment now sought to be opened in this action, since the question which that appeal is designed to determine would have already been decided in this action adversely to their position, even though they had not been heard upon that question. Had they intervened in the instant action, they would have had a hearing upon that question.

On the other hand, if we grant the instant application to open and go into a hearing on the question of plaintiff's right to a writ of mandamus, it is conceivable that a situation would arise in which the appeal from the zoning board of adjustment would be the first decision rendered, and if that appeal was upheld and the decree of that board reversed, plaintiff would still have the opportunity of pursuing the instant action and obtaining the permit in question, since the decision in each case would not necessarily be based upon the same testimony and evidence. However, if this action, after the opening of the default judgment, should be decided first, and if that decision directed the issuance of the permit, then the appeal from the decision of the zoning board would become moot.

Faced with this dilemma, we think that the only proper action we can take is to open the judgment in this case and let defendant into his defense. We do this in spite of the fact that by so doing, we permit the township and its agent, this defendant, to assume inconsistent positions regarding the issuance of the permit. However, we believe that a full and complete examination into the questions presented ought to be afforded all parties concerned, and if that is to be accomplished, the instant judgment must be opened. Having opened the judgment and permitted defendant to file his answer, we would hope that all parties in both actions would undertake to have them consolidated for decision, so that the risk of our reaching contradictory conclusions might be obviated.

### ORDER

And now, to wit, June 29, 1966, the rule heretofore allowed January 5, 1966, to show cause why a default judgment entered in said cause on December 21, 1965, should not be opened and defendant let into a defense is hereby made absolute. Defendant shall file his answer to the amended complaint within five days.